I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: April 13, 2010

/s/ Melissa Cash
DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

APR 12 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DENNIS LLOYD JEWELL,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW CATE, Director of CDCR,<br><br>Respondent. | Case No. EDCV 10-00429 JVS (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the court is a Petition for Writ of Habeas Corpus ("Petition") brought by Dennis Lloyd Jewell ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises two claims directed at the restitution fine imposed on Petitioner following his January 21, 1987 conviction in the California Superior Court for San Bernardino County of five counts of second degree murder and one count of unlawfully taking a vehicle (case no. VCR3309). For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

///

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, where the conviction became final before AEDPA's enactment, a petitioner had until April 24, 1997, to file a federal habeas petition. *See Lindh*, 521 U.S. at 322 (the AEDPA was signed into law on April 24, 1996); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (AEDPA's one-year grace

period for challenging convictions finalized before AEDPA's enactment ended on April 24, 1997).

The face of the Petition, attached exhibits, and relevant state court records[1] establish that Petitioner sustained his underlying conviction on January 21, 1987, and was sentenced on February 25, 1987. On May 6, 1988, on direct appeal, the California Court of Appeal, Fourth Appellate District, Division Two, remanded the case to the trial court to correct the restitution fine in accordance with former California Government Code section 13967(a), but affirmed the judgment in all other respects (case no. E004073). The California Supreme Court denied review of that decision on August 11, 1988 (case no. S005841). (Pet. at 2-3, 72-82[2]; California appellate records.) Petitioner does not appear to have filed a petition for certiorari with the United States Supreme Court. Therefore, for purposes of AEDPA's limitations period, his conviction became final on November 9, 1988, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Because the conviction became final before AEDPA's April 24, 1996 enactment date, Petitioner had until April 24, 1997 to file a federal habeas petition. *Patterson*, 251 F.3d at 1246. Petitioner did not constructively file his pending Petition until March 9, 2010 -- 4,702 days (nearly 13 years) after the expiration of the

---

[1] The court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] The Petition, including the attached exhibits, is 83 pages in length, but the pages are not consecutively numbered as required by Local Rule 11-3.3. For convenience and clarity, the court cites to pages of the Petition and the attached exhibits by referring to the electronic pagination furnished by the court's official CM-ECF electronic document filing system.

limitations period.[3]

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

## C. Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory

---

[3] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The pending Petition was filed by the clerk on March 23, 2010. (Pet. at 1.) The Petition shows Petitioner signed and dated it on March 8, 2010. (*Id.* at 22.) However, Petitioner's attached declaration in support of his request to proceed in forma pauperis ("IFP request") shows the prison's senior account clerk certified the IFP request, and the related CDCR inmate statement report, on March 9, 2010. (*Id.* at 86-87.) The envelope containing the Petition is postmarked March 10, 2010. (*Id.* at 91.) Under the circumstances, and for purposes of the timeliness analysis, the court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on March 9, 2010, the earliest date he could have delivered it to prison authorities for mailing to the clerk's office. (Pet. at 22.)

Page 4

word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition, attached exhibits, and relevant state court records establish that Petitioner filed a habeas petition in the state court of appeal on January 21, 1988 (case no. E005082), and it was summarily denied on January 26, 1988. He also filed a petition for review of that decision on March 11, 1988 (case no. S004818), and review was denied on April 20, 1988. Additionally, in 1990 he filed two habeas petitions in the California Supreme Court that were denied the same year (case nos. S016016, S017521). (California appellate records.) However, Petitioner is not entitled to any statutory tolling for those four petitions because they were all filed and denied before April 24, 1996, AEDPA's enactment date. *Lindh*, 521 U.S. at 322. At that stage, there was nothing to "toll" because the limitations period had not yet started to run. *See, e.g., Evans v. Senkowski*, 105 F. Supp. 2d 97, 99 n.1 (S.D.N.Y. 2000) ("In light of the fact that the AEDPA statute did not begin to run until April of 1996, any post-conviction practice taking place before the effective date of AEDPA is irrelevant and will not be discussed herein.").

Petitioner filed two additional habeas petitions in the California Supreme Court, one on September 8, 1997, which was denied on April 29, 1998 (case no. S064154), and one on July 22, 2009, which was denied on December 23, 2009 (case no.

Page 5

S174859). (Pet. at 4, 83; California appellate records.) He is not entitled to statutory tolling for these petitions because they were both filed after the limitations period expired on April 24, 1997. *Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259.

Based on the foregoing, Petitioner's filings and relevant state court records establish he is not entitled to any statutory tolling of the limitations period.

**D.  Alternative Start of the Statute of Limitations**

   **1.  State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Thus, a claim under this provision "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

   **2.  Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

   **3.  Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §

2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). In a declaration attached to the Petition, executed in July 2009, and "[r]e-executed" on March 8, 2010, Petitioner asserts that he is a layman at law who, until three months prior, did not "realize the severable and cumulative effects of numerous changes over the past quarter-century to California law surrounding my imposed restitution-fine punishment . . . ." (Pet. at 48, *see also* Pet. at 16-17, 19, 49.) However, for purposes of § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan*, 254 F.3d at 1154 n.3 (citation omitted). Here, Petitioner principally complains that statutory changes in California's restitution laws should be retroactively applied for his benefit, and that other sentencing statutes which were applied to his case had an ex post facto punishment effect. (Pet. at 5-20; 27-30.) The *factual* predicate for those assertions is the trial court's February 25, 1987 imposition of Petitioner's sentence.[4]

The face of the petition and attached exhibits do not establish that Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate for his claims.

E. **Equitable Tolling**

The United States Supreme Court has not yet decided whether AEDPA's limitations period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for

---

[4] The claims also appear to be based entirely on state statutory laws despite being labeled as constitutional claims. *See Conway v. Wilson*, 368 F.2d 485, 486 (9th Cir. 1966) (the alleged misapplication of a sentencing provision raises a point of state law and does not present any constitutional question sufficient to warrant the granting of a habeas petition); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) (a petitioner does not transform a state-law issue into a federal one merely by asserting it as a constitutional claim).

equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found that equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned, "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent.'" *Id.* The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is]

Page 8

1  broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong
2  requires the petitioner to "additionally show that the extraordinary circumstances were
3  the cause of his untimeliness, and that the extraordinary circumstances made it
4  impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations
5  and citations omitted).

6        To the extent Petitioner's assertion that he is a "layman to the law" (Pet. at 48)
7  may be construed as a request for equitable tolling on that basis, "a pro se petitioner's
8  lack of legal sophistication is not, by itself, an extraordinary circumstance warranting
9  equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also*
10 *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("[T]his court has repeatedly held
11 that ignorance of the law alone is not sufficient to warrant equitable tolling." (internal
12 quotation and citation omitted)); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir.
13 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a
14 basis for equitable tolling."); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)
15 ("[I]t is well established that ignorance of the law, even for an incarcerated pro se
16 petitioner, generally does not excuse prompt filing." (internal quotation and citation
17 omitted)). Petitioner's filings otherwise do not set forth any facts that show he is
18 entitled to equitable tolling.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# O R D E R

Based on the foregoing, the court finds the Petition is untimely. Accordingly, Petitioner shall have until **April 26, 2010**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: April 12, 2010

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE